Duncan *vs.* Bryan.

---

No. 11.—George M. Duncan, plaintiff in error, *vs.* Seaborn C. Bryan, trustee, &c. defendant in error.

[1.] W, a *feme covert*, applied to the Superior Court to have D appointed trustee of certain slaves, claimed as her *separate* estate. D assented to the order and accepted the trust, taking possession of the property : *Held*, that in a suit at the instance of W, the *cestui que trust*, that D was precluded from denying the trust and setting up title in the husband of W to the negroes, in order to secure himself from accounting.*

---

*Note.—See next case.

Duncan *vs.* Bryan.

Motion to dismiss a bill, in Dooly Superior Court.    Decision by Judge WARREN, November Term, 1851.

Seaborn C. Bryan, as trustee   for Mrs. Mary Wallace, filed a bill against George  M. Duncan, her former  trustee, alleging, that Wm. Britton, by his  last will, made the following bequest:

" *Item.*—I lend to my niece, Mary  Edwards, one negro girl and her increase, Corboro, during my niece's natural life, and at her death, to the lawful issue  of her body," and a  limitation over, in case of  her death without lawful issue.

That Mary Edwards intermarried with  Richard Wallace and had issue, William T. Wallace ;  that Richard Wallace, being in-volved in debt, and his creditors  being about to interfere with the said negro and her increase, to pay his debts, the Superior Court of Houston County, at its         Term, 18   , upon the petition of Mary Wallace,  appointed James Holderness, trustee,  to protect and preserve the rights of the said Mary to the said negroes ; that at the April Term, 1841, the same  Court  appointed George M. Duncan trustee in  the  stead  of  James Holderness,  who  was present consenting thereto, and who accepted the  trust  and re-ceived from Holderness the proceeds of  the hire of  the negroes ; that in 1844, Duncan delivered up to  Mrs. Wallace, a portion of the negroes,  but retained the  balance,  under a  pretended claim.

The prayer of  the bill was, for an account for all the hire and profits of  the negroes, and  that he be decreed  to deliver up to the present trustee, the remaining  negroes.    Defendant's coun-sel moved to dismiss this bill, on the ground  that the case made did not authorize a decree.

The Court below refused to grant the  motion, and this decis-ion is brought up for review.

S. T. BAILEY, for plaintiff in error.

G. R. HUNTER, for  defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

William Britton died in South Carolina, bequeathing to his niece, Mary Edwards, a negro woman by the name of Corboro. The following is the clause in the will of Britton, disposing of this property: "I lend my niece, Mary Edwards, one negro girl and her increase, Corboro, during my niece's natural life, and at her death, to the lawful issue of her body; and in case my niece Mary should die without issue or a minor, then it is my will and desire, that this negro girl, Corboro, and her issue, should revert to my niece, Nancy, and in like manner to the lawful issue of her body."

Mary Edwards, the legatee, afterwards intermarried with Richard Wallace, and removed to the State of Georgia. Wallace, the husband, being in debt, and his creditors having instituted proceedings to subject Corboro and her children to the payment of their claims, Mrs. Wallace, the wife, came into Court and applied to have James Holderness appointed her trustee, to protect this property from her husband's contracts. Holderness, some time thereafter, surrendered up the trust, and George M. Duncan, the defendant, with his consent, was substituted as his successor.

And this bill is filed by Seaborn C. Bryan, who has been appointed trustee, *pendente lite*, of Mrs. Wallace, to compel Duncan to account for this property and its proceeds. Duncan, by his solicitor, moved to dismiss the bill for want of equity, which motion was refused by the Court, and this refusal is assigned as error.

The general doctrine is not disputed, that one who has accepted a trust and acted upon it, will not be allowed to repudiate it when called upon to account. But it is insisted that, under the will of Britton, Mrs. Wallace took no separate estate, but an estate for life or *in fee*, which was transmissible, and upon which the marital rights of Wallace, the husband, attached; that as to these slaves, she is not *sui juris*, and that Chancery cannot render a decree in her favor.

We concede that this is the true construction of Britton's will,

and that if the right of Mrs. Wallace rested on this foundation alone, that it could not be sustained. But Duncan having acknowledged this to be *separate property*, and it having been adjudged to be such, by a Court of competent jurisdiction, whose decision remains unreversed; and Duncan having obtained possession of the negroes, under the order of the Court appointing him trustee, it is neither consistent with sound law nor good conscience, to permit him to deny the relationship, when summoned by that same Court, to account for his stewardship.

By the order of the Court appointing him trustee, this is *separate property*, so far as he is concerned, and Mrs. Wallace is *sui juris*, as to this estate, in a controversy between her and her trustee. Should the rights of third persons intervene, either of Mr. Wallace, the husband, or of his creditors, who were no parties to this proceeding, the question would present a very different aspect.

While it is admitted that Duncan cannot deny his character of trustee, it is argued that he holds the slaves in trust for the *true owner*, and not for Mrs. Wallace. The answer to this is, that Duncan was appointed trustee for the *wife*, and for nobody else ; and that as yet, no other parties are before the Court.

Again, it is contended that the order appointing Duncan, was *ex parte*, and therefore, not binding. Grant this, notwithstanding the contrary appears by the record to be true, still, if Duncan came in afterwards and made himself a party to it by accepting the trust, as he did, it is such a ratification of the proceeding as would conclude him. In short, having consented to act as Mrs. Wallace's trustee, he will be forever afterwards precluded from contesting the fact in any suit between themselves. The law forces no one to accept a gift of an estate, whether made in trust or otherwise. It was competent for Mr. Duncan, to refuse both the estate of Mrs. Wallace and the office attached to it. But having once accepted the trust and got possession of the property, he cannot renounce or throw off the duties and responsibilities thus voluntarily incurred.

We cannot discover any error in this case, and therefore affirm the judgment.